UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22789-JLK

KATIA BORGELLA and ANTHONY WILLIAMS,

    Plaintiffs,
v.

ROBINS & MORTON CORPORATION and
ROBINS & MORTON GROUP,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court on ROBINS & MORTON CORPORATION and ROBINS & MORTON GROUP's ("Defendants") Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") (DE 12), filed on October 15, 2021. The Court has also considered Plaintiffs' Response (DE 18) and Defendant's Reply (DE 21).

**I.     BACKGROUND**

On July 30, 2021, Plaintiffs filed their Complaint alleging Race Discrimination (Discrete Act) in Violation of 42 U.S.C. § 1981; Race Discrimination (Hostile Work Environment) in Violation of 42 U.S.C § 1981; Retaliation in Violation of 42 U.S.C § 1981; and Family Medical Leave Act Retaliation in Violation of 29 U.S.C. § 2612. *See* DE 1. In Response to Defendants' Motion to Dismiss (DE 9), Plaintiffs filed their Amended Complaint (DE 10) as a matter of course, again alleging the same violations as in their original Complaint.

Defendants now move to dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

In the Motion to Dismiss, Defendants argue that Plaintiffs' Amended Complaint is a shotgun pleading because it does not separate into different counts each cause of action, "making it impossible to identify which particular Defendant purportedly engaged in which allegedly wrongful conduct." Mot. at 5. Plaintiffs respond, arguing that "[c]ollective references to 'defendants' do not constitute shotgun pleading." Resp. at 15 (citing *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014)).

A complaint is a "shotgun pleading" where "[i]t is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith v. Bellsouth Telcoms., Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005). Collective references to defendants are problematic and render plaintiffs' claims insufficient under Federal Rule of Civil Procedure 8 unless "[d]efendants and the Court can ascertain which [d]efendants are alleged to have engaged in what wrongdoing." *See Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1362 (S.D. Fla. 2011).

Within the Amended Complaint, Plaintiffs allege that "[a]t all times material, the Defendants, Robins & Morton Corporation and Robins & Morton Group was/is a for profit entity existing by the virtues and laws of the State of Florida." Am. Compl. ¶ 6. In the next sentence and for the remainder of the Amended Complaint, Plaintiffs reference only a singular "Defendant" and do not specify which counts are against which Defendant. *Id*. ¶ 7. The Amended Complaint does not further distinguish or separate Defendants.

Plaintiffs' Amended Complaint is a shotgun pleading insofar as it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Therefore, Plaintiffs may re-plead, separating counts into individual legal theories and specifying which counts pertain to which Defendant so that each Defendant may clearly answer each claim. The Court will address any other arguments or deficiencies upon future motions.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint **(DE 12)** be, and the same hereby is, **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint **(DE 10)** is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file a Second Amended Complaint within **thirty (30) days** from the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 29th day of December, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   **All counsel of record**