UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22789-JLK

KATIA BORGELLA and ANTHONY WILLIAMS,

    Plaintiffs,
v.

ROBINS & MORTON CORPORATION and
ROBINS & MORTON GROUP,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") (DE 24), filed on February 10, 2022. The Court has also considered Plaintiffs' Response (DE 25) and Defendants' Reply (DE 26). This matter is ripe for review.

**I.**  **BACKGROUND**

On July 30, 2021, Plaintiffs Katia Borgella and Anthony Williams filed their Complaint alleging Race Discrimination (Discrete Act) in violation of 42 U.S.C. §1981, Race Discrimination (Hostile Work Environment) in violation of § 1981, Retaliation in Violation of § 1981, and Family and Medical Leave Act ("FMLA") Retaliation in violation of 29 CFR § 825.220. *See* DE 1. On September 20, 2021, Defendants filed their initial Motion to Dismiss (DE 9) and in response, Plaintiffs filed their First Amended Complaint (DE 10) as a matter of course alleging the same legal counts.

On October 15, 2021, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint. DE 12. This Court granted Defendants' motion because Plaintiffs' Amended

Complaint asserted "multiple claims against multiple defendants without specifying which of the defendants are responsible. . ." and allowed Plaintiffs to "re-plead, separating counts into individual legal theories and specifying which counts pertain to which Defendant." DE 22 at 3 (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Then, on January 27, 2021, Plaintiffs filed their Second Amended Complaint ("SAC") (DE 23) and separated their allegations into eight (8) counts:

(1) Race Discrimination – Disparate Treatment (Plaintiff Borgella against all Defendants)
(2) Race Discrimination – Hostile Work Environment (Plaintiff Borgella against all Defendants)
(3) Retaliation (Plaintiff Borgella against all Defendants)
(4) FMLA Retaliation (Plaintiff Borgella against all Defendants)
(5) Race Discrimination – Disparate Treatment (Plaintiff Williams against all Defendants)
(6) Race Discrimination – Hostile Work Environment (Plaintiff Williams against all Defendants)
(7) Retaliation (Plaintiff Williams against all Defendants)
(8) FMLA Retaliation (Plaintiff Williams against all Defendants)

Specifically, Plaintiff Borgella alleges that while working for Defendants, she was subject to racially discriminatory comments by coworkers, and despite reporting this behavior to her supervisors, no action was taken. SAC ¶¶ 13–31. Plaintiff Borgella further alleges that after reporting the behavior, she was assigned "more difficult and strenuous work assignments" without safety equipment. *Id.* ¶ 32. Plaintiff Williams similarly alleges being subjected to racially discriminatory comments and conduct by coworkers and that after numerous complaints, Defendants failed to take any corrective action. *Id.* ¶¶ 35–53. Also, he claims that in retaliation for complaining, Williams was "required to complete tasks that other non-African Americans were not required to complete" like personal errands for a foreman and purchasing his own safety gear. *Id.* ¶¶ 54–56.

On or around July 15, 2020, both Plaintiffs allege experiencing COVID-19 symptoms at the same time while working for Defendants, however they tested negative for COVID-19 and were required to work. *Id.* ¶¶ 58–61. When symptoms persisted, Plaintiffs allege they went to the hospital and then tested positive. *Id.* ¶¶ 62–63. Defendants told Plaintiffs to quarantine and after Plaintiffs tested negative Defendants allegedly terminated both Plaintiffs on September 16, 2020. *Id.* ¶¶ 69–71.

## II.   LEGAL STANDARD

Under Federal Rule of Procedure 8(a)(2), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A. Plaintiffs' Second Amended Complaint is a Proper Pleading

Defendants argue that they still cannot identify which Defendant allegedly caused the wrongful conduct because Plaintiffs' SAC still does not distinguish or separate allegations against Defendants. Mot. at 4–8. Defendants further argue that Plaintiffs' SAC does not rectify the issues addressed in the Court's previous Order which found that Plaintiffs' First Amended Complaint contained "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Id.* at 3–4 (citing DE 22 at 3) (citation omitted); Mot. at 4–8. Plaintiffs, in arguing that they did comply with the Court's Order, correctly state that

"Plaintiffs re-filed their Complaint, adding four additional counts under separate legal theories[.]" Resp. at 3. Each legal count is now separated as to each individual Plaintiff. Plaintiffs also make clear now that each count is "[a]gainst all Defendants." *See* SAC. Plaintiffs further argue that "each of the claims asserted in the Plaintiffs' [SAC] can be properly read as making the same allegation against each defendant individually." Resp. at 4; *See Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997) (explaining that "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually.").

"Under [Rule 8(a)], when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant." *Petrovic v. Princess Cruise Lines, Ltd.,* Case No. 12-21588-CIV-ALTONAGA 2012 U.S. Dist. LEXIS 100919, *10 (S.D. Fla. July 20, 2012) (citation omitted). Defendants are two (2) business entities that share "Robins and Morton" in their names. Plaintiffs allege that both Defendants share the same principal place of business address. SAC ¶¶ 6–7. The specific allegations in the SAC are read to refer to each Defendant individually. There is no issue that each count is "against all Defendants." Considering well-pled facts and the fact that only two (2) Defendants share a similar name, the Court finds that the Defendants have sufficient notice of how to defend against the specific allegations made in the SAC.

### B. Joint Employment as Alleged is a Discovery Matter

Plaintiffs allege that "[a]t all times material to this action, Defendant Robins & Morton Group and Defendant Robins & Morton Corporation, were the Plaintiffs' joint and/or sole employer." SAC ¶ 8. Defendants argue that this fails to adequately allege joint employment because it is conclusory and insufficient as Plaintiffs do not state any additional facts. Mot. at 9.

4

Plaintiffs respond that joint employment is a fact-intensive determination best suited for discovery. Resp. at 7. Plaintiffs are correct that this type of determination usually requires a factual inquiry and the factors the Court should examine are: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987)). This sort of determination is better left for after discovery. At this stage, with the Court taking the allegations in Plaintiffs' SAC as true, finds that discovery must be conducted as to Defendants and their respective roles in Plaintiffs' allegations.

### C. Racial Discrimination Claims

Defendants argue that Plaintiffs have not alleged sufficient facts to make a *prima facie* race discrimination claim based on disparate treatment. Mot. at 10–12. Specifically, Defendants argue that Plaintiffs have not alleged that "their employer treated similarly situated employees outside of their protected class more favorably than they were treated." *Id.* at 10 (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).

In response, Plaintiffs point out that they allege "Plaintiff Borgella and Plaintiff Williams were also left without protective equipment on numerous occasions, while other non-African American employees were given protective equipment." SAC ¶ 32. Also, Plaintiffs allege that Defendants assigned "Plaintiff [Williams] more difficult and strenuous work assignments, forcing the Plaintiff to work while other employees slept and/or consumed alcohol on the job, humiliating the Plaintiff by taking photos of him and editing them to be racially derogatory . . . ." *Id.* ¶ 141. And Defendants also allegedly assigned "Plaintiff [Borgella] more difficult and strenuous work assignments, requiring that the Plaintiff be segregated and complete work assignments with only

other African Americans, not allowing the Plaintiff to use the same facilities and equipment as non-African American employees . . . ." *Id.* ¶ 82.

Defendants argue that Plaintiffs' allegations do not allege similarly situated individuals because they do not demonstrate that these other workers were in the same positions as Plaintiffs. Mot. at 12. However, taken as true, these allegations allege racial discrimination. Arguments regarding whether coworkers were actually similarly situated is again, best left until after discovery.

### D. Racially Hostile Work Environment Claim

Defendants argue that Plaintiffs fail to allege that "alleged comments or conduct were made by employees in the course and scope of their employment with either of the Defendants." Mot. at 13. Further, Defendants argue that Plaintiffs' allegations do not rise "to the level of severe or pervasive harassment altering the conditions of Plaintiffs' employment." *Id.* Again, the part of alleged discrimination is that Plaintiffs were assigned more difficult and challenging tasks at work because of their race. SAC ¶¶ 32, 50, 88. Assignment of work is within the scope of employment, and this discrimination would alter Plaintiffs' conditions at work. Therefore, Plaintiffs have sufficiently alleged a racially hostile work environment and may proceed to take discovery regarding their treatment workplace.

### E. Retaliation Claims

Defendants argue that to state a claim for retaliation under Section 1981, Plaintiffs must allege causation and they fail to do so. Mot at 14–17. "To establish a claim of retaliation under Title VII or section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered an adverse employment action, and there was some *causal relation* between the two events." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (emphasis added).

6

Plaintiffs argue that they were engaged in statutorily protected activity when they made reports of discrimination to the Defendants and their agents. Resp. at 14. Plaintiffs allege that "Plaintiff Borgella went to report [the use of racial slurs] to one of Defendants' supervisors" and "Plaintiff Borgella also reported the discriminatory conduct to the Defendants' Senior Superintendent[.]" SAC ¶¶ 22, 26. Plaintiffs further allege that "[j]ust like Plaintiff Borgella, Plaintiff Williams made numerous complaints to Defendants' supervisors." *Id.* at ¶ 48. Plaintiffs then allege that "[s]hortly after making the reports of discrimination, the Defendants began assigning Plaintiff Borgella and Plaintiff Williams more difficult and strenuous work assignments." *Id.* at ¶ 32. And "[a]fter Plaintiff Williams made complaints about the unlawful discrimination, Defendants began to assign even more burdensome work assignments than they had done previously, as a means to retaliate against Plaintiff Williams." *Id.* at ¶ 50.

Plaintiffs have sufficiently alleged retaliation since they claim that Defendant, their employer, was aware of the protected conduct at the time of the adverse employment actions and a temporal proximity between the complaints and the adverse employment actions. Defendants have notice to take discovery and defend against these claims.

### F. FMLA Claims

Defendants argue that "to survive dismissal, Plaintiffs must plausibly plead they were entitled to FMLA leave" which means Plaintiffs must allege a "serious health condition" which they have failed to do so. Mot. at 17 (citing *Russell v. N. Broward Hosp.* 64 F.3d 1335, 1340 (11th Cir. 2003)). Plaintiffs allege that when they both contracted COVID-19, they "were both extremely sick, experiencing fevers, coughing, shakes, and loss of appetite, among other symptoms [and b]oth Plaintiffs lost several pounds as a result of their illnesses." SAC ¶ 68. At this stage, the Court will not rule on the seriousness of Plaintiffs' symptoms, potentially deciding issues before trial.

Taking these allegations as true, Plaintiffs' have plead sufficient facts to establish a serious health condition under the FMLA. Any argument regarding the seriousness of COVID-19 symptoms may be raised at summary judgment or trial.

### G. Damages

Defendants argue that certain damages claimed by Plaintiffs should be stricken because it is not allowed under FMLA, 28 U.S.C. § 2617. Mot. at 18–19. Specifically, Defendants argue that FMLA does not allow recovery for emotional distress, punitive, and compensatory damages. *Id.* (citations omitted). However, in their prayer for relief, Plaintiffs "request this Court enter judgment against the Defendants for all damages suffered by the Plaintiffs, including interest, attorney's fees and costs, disbursements of action, and any other monetary or equitable relief *allowable by law* as a result of the Defendants' conduct in violation of 42 U.S.C. §1981 and the FMLA." SAC at 27 (emphasis added). Because Plaintiffs seek only damages "allowable by law" this request will not be stricken from the SAC. This Court will only permit allowable damages to be sought.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

Defendants' Motion to Dismiss **(DE 24)** be, and the same hereby is, **DENIED WITHOUT PREJUDICE** to be raised after discovery. **IT IS FURTHER ORDERED** that Defendants shall **FILE** their Answer within twenty (20) days.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 10th day of June, 2022.

JAMES LAWRENCE KING<br>
UNITED STATES DISTRICT JUDGE<br>
SOUTHERN DISTRICT OF FLORIDA

cc:   **All counsel of record**